**Adam H. Koblenz**
**Linda Mandel Gates**
**GOETZ PLATZER LLP**
One Penn Plaza, Suite 3100
New York, New York 10119
Tel.  (212) 695-8100
Email: akoblenz@goetzplatzer.com
Email: linda@goetzplatzer.com
*Attorneys for Plaintiff: Hudson Insurance Company*

File No. 100042-0001

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **HUDSON INSURANCE COMPANY,** *Plaintiff,* -against- **REGENT BANK,** *Defendant.* | Case No.: 1:25-cv-02105-CM |

## INITIAL DISCLOSURES OF PLAINTIFF

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26(a)(1), Plaintiff, Hudson Insurance Company, submits its Initial Disclosures.

### INITIAL DISCLOSURES QUALIFICATIONS

1.  These Initial Disclosures are based upon information known to Plaintiff as of the date of these Initial Disclosures and are provided without prejudice to the disclosure, identification or production, during the course of discovery, or at any other time, of information or documents that may be subsequently discovered or determined to be relevant, or inadvertently omitted from these Initial Disclosures.  Plaintiff hereby expressly reserves the right to revise, amend and/or supplement these Initial Disclosures as appropriate or necessary.

2.  By identifying documents herein, Plaintiff does not waive the right to object to the disclosure of any information on the basis of the attorney-client privilege, the work-product doctrine, or any other applicable protection against disclosure.

3.  Any document described by Plaintiff herein is subject to all objections as to competence, relevance, propriety and admissibility, as well as to any and all other objections or any ground that would require the exclusion of the document or any portion thereof if such document was offered into evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of any deposition or at or before any hearing or trial in this matter.

4.  No incidental or implied admissions are intended by the Initial Disclosures. The fact that Plaintiff agrees to describe documents in the Initial Disclosures are not intended and should not be construed as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such documents, or that any of such documents or information constitute admissible evidence. The fact that Plaintiff agrees to describe a document or category of documents in the Initial Disclosures are not intended and should not be construed as a waiver by Plaintiff of any part of any objection or any part of any general objection made herein.

5.  By providing these Initial Disclosures, Plaintiff does not waive its right to object to discovery requests that are beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and the Discovery Rules of this Court.

**A.  Name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

See attached list.

**B.     A copy of, or description by category and location of all documents, data compilations, and tangible things that are that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

The documents attached as Exhibits A – F to Plaintiff's Complaint (Dkt No. 1) and documents Bates Stamped P00001-P000137.

**C.     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Plaintiff seeks the full amount of the Irrevocable Letter Of Credit in amount of $300,000.00; (ii) statutory interest accruing from February 10, 2025; (iii) all costs, expenses, and attorneys' fees incurred by Plaintiff in connection with this Action and its enforcement of the ILOC;

**D.     For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.**

N/A

Dated: New York, New York
June 12, 2025

Respectfully submitted,

*/s/ Linda Mandel Gates, Esq.*
Goetz Platzer LLP
*Attorneys for Plaintiff*
One Penn Plaza, Suite 3100
New York, New York 10119
Linda@goetzplatzer.com
akoblenz@goetzplatzer.com
(212) 593-3000

**TO:**
Ivy, Barnum & O'Mara, LLC (via efiling)

3

Response to #1:

| Name of Witness | Subject |
|---|---|
| Chinku Grover<br>Director, Treasury Operations<br>Hudson Insurance Company | January 2, 2025 draw request |
| Rob Wolf<br>Sr. Vice President, CFO<br>Hudson Insurance Company | January 30, 2025 and February 10, 2025 draw requests |
| Justin Larkman<br>Manager, Treasury Credit and Collateral Operations<br>Hudson Insurance Company | Request received from underwriting for draw request. January 29 and 30, 2025 emails and communication with Mathew Gibson. |
| Underwriter<br>John Dooley<br>Regional Underwriting Manager<br>Hudson Insurance Company | Underwrote the bond for Banning. |
| Claims Person<br>Bob D'Olympio<br>Vice President<br>Claims Manager<br>Hudson Insurance Company | Payment of the judgment against Banning via the bond. |
| Mathew Gibson<br>SVP/Senior Commercial Loan Officer<br>Regent Bank | ILOC cancelled without providing 60-days' notice or obtaining permission from Hudson as beneficiary for the cancellation. Directed by Chris Banning and/or Emily Rugg to cancel the ILOC. |
| Chris Banning (owner)<br>Banning Contracting Services, Inc. | Directed Mathew Gibson with Regent Bank, to cancel ILOC without providing 60-days' notice or obtaining permission from Hudson as beneficiary for the cancellation. |
| Emily Rugg<br>Banning Contracting Services, Inc. | Directed Mathew Gibson with Regent Bank, to cancel ILOC without providing 60-days' notice or obtaining permission from Hudson as beneficiary for the cancellation. |
| Adept Patriot Services | Obtained judgment against Banning Construction Services, Inc. and subsequently made claim against the bond. |