UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

HUDSON INSURANCE COMPANY,

       Plaintiff,

    -against-

REGENT BANK

       Defendant.

_____X

25 civ 2105 (CM)

## MEMORANDUM DECISION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

McMahon, J.:

The issue raised by the motion to dismiss for lack of personal jurisdiction and improper venue is simple: where should this case be litigated?

The relevant facts are not in dispute.

Banning Construction Services, Inc., is an Oklahoma corporation with its principal place of business in Bixby, Oklahoma.

Regent Bank is an Oklahoma chartered bank with its principal place of business at 7136 South Yale Avenue in Tulsa, Oklahoma. As one might expect of a state-chartered bank, Regent does business in Oklahoma and only in Oklahoma. It is not licensed to do business in New York. It has no offices, branches, employees, bank accounts, property or assets in New York. Regent contends, without opposition, that it does not solicit business in New York; and the complaint does not allege that Regent solicited business in New York in connection with the transaction in suit.

Hudson Insurance Company is a Delaware corporation with its principal place of business in New York City. Its presence before this court is as a result of its dealings with Banning.

In or about July 2020, Banning as principal and Hudson as Banning's surety issued a payment bond in the amount of $2,480,811.00 in favor of the United States Government, in connection with Contract 36C26320C0155/36C26319R0118 (Interactive TV and Paging).

Regent Bank is not a party either to the Bond or to the underlying contract.

On or about July 6, 2020, Regent Bank issued a letter of credit in the amount of $300,000 for the benefit of Hudson, Banning's surety. (Dkt.# 4-2). The letter of credit was issued "for the account of Banning Contracting Services." The letter of credit was executed by Matt Gibson, Vice President of Regent Bank, in Tulsa Oklahoma.

Regent's involvement in this matter was not at the behest of Hudson, but of Banning.

The letter of credit does not contain any provision selecting venue for a lawsuit brought thereunder or specifying governing law.

The letter of credit by its terms provided that Hudson could obtain payment thereunder by presenting the letter of credit at Regent's office on South Yale Avenue in Tulsa, Oklahoma.

Because Banning's chosen surety was in New York, Regent caused a copy of the letter of credit to be mailed from its offices in Tulsa, Oklahoma, to Hudson's offices on William Street in New York. That mailing is the only well-pleaded allegation in the complaint of any contact between Regent and New York.

A claim for non-payment was asserted against Banning by one of its subcontractors, Adept Patriot Services LLC. In 2024, Adept obtained a judgment by default against Banning in a state court in Oklahoma.

A claim was made to Hudson for payment of the Adept Judgment, and Hudson paid the claim in its capacity as surety on the Bond.

Hudson then presented the letter of credit for payment. It made a partial draw demand on January 2, 2025, in the amount of $168,441.26; it made a complete draw against the letter of credit in the sum of $300,000 on February 10, 2025. In both instances, presentment was made by mailing the demand for payment to Regent Bank at its principal office in Tulsa, Oklahoma.

Regent Bank has failed and refused to honor the presentment, claiming that the letter of credit was revoked. It made this claim from its offices in Tulsa, Oklahoma.

Hudson now sues Regent Bank in the Southern District of New York for payment under the letter of credit. Regent moves to dismiss on the ground that it is not amenable to suit in New York and that venue does not properly lie in New York. In the alternative, Regent moves to transfer this case to the Eastern District of Oklahoma, where its offices and all parties other than Hudson are located.

Because New York lacks personal jurisdiction over Regent Bank, the motion to dismiss for want of personal jurisdiction is GRANTED, and the complaint is dismissed without prejudice to its refiling, presumably in Oklahoma.

## DISCUSSION

When sitting in diversity, a federal court analyzes whether it has personal jurisdiction over a defendant in accordance with the law of the forum state – in this case, New York.

This court must first ask itself whether New York would exercise jurisdiction over (in this case) a foreign corporation pursuant to either C.P.L.R. 301 (general jurisdiction) or 302 (specific jurisdiction). If the answer to either question is yes, it must then determine whether exercising such jurisdiction would offend constitutional due process.

The question of whether New York would exercise general jurisdiction over Regent Bank is easily answered – it would not. Despite the vague and conclusory allegations of the complaint, the record is devoid of any evidence that Regent Bank – a state-chartered bank with its principal place of business in Tulsa, Oklahoma – is "present" in New York, so as to render itself amenable to general jurisdiction. Ever since the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), a state has been unable to exercise general jurisdiction over a foreign corporation that was neither incorporated in the forum state nor had its principal place of business located therein -- in the absence of "special circumstances" that are not pleaded in this case. The Supreme Court recently held, in *Mallory v. Norfolk Southern RR Co.,* 600 U.S. 122 (2023), that registration to do business in a state could constitute consent to be sued; but as Regent Bank is not registered to do business in New York, *Mallory* is of no use to Plaintiff and the rule of *Daimler* applies.

So the question becomes whether anything in CPLR 302 authorizes the exercise of specific jurisdiction over Regent in connection with this particular transaction.

Nothing does.

CPLR 302(a)(1) authorizes a court to exercise jurisdiction over a defendant who transacts any business in New York if the plaintiff's cause of action arises from that transaction of business. *Licci ex rel. Licci v. Lebanese Canadian Bank*, SAL, 673 F. 3d 50, 60 (2d Cir. 2012); *Minden Pictures, Inc. v. Grup Televiso, S.A.B.,* 738 F. Supp. 3d 458, 464 (S.D.N.Y. 2024). Because no tort is alleged, Section 302(a)(1) is the only potentially applicable section of New York's long arm statute that could be implicated in this case.

Plaintiff offers no evidence that Regent Bank ever transacted any business in New York in connection with the letter of credit. Mere solicitation of business in New York would be insufficient to confer transactional jurisdiction over Regent, but the record is devoid of evidence that Regent

ever solicited anyone in New York (including specifically Hudson) in order to get any business. It was asked to issue the letter of credit by its Oklahoma customer, Banning. The letter was issued from Regent's Oklahoma office. It was executed and became effective in Oklahoma, where it was signed by an officer of Regent. It was issued for the account of Banning. The beneficiary, Hudson, was identified, not by Regent, but by Banning, which had previously entered into a government contract using Hudson as its (Banning's) surety. In fact, there is no evidence that *Banning* conducted any business with Hudson in its New York City office; Hudson does business throughout the United States and has multiple offices in the United States and Canada.[1] The plaintiff does not plead that it dealt with Banning through its New York office, rather than one located closer to Banning's home base in Oklahoma.

The letter could only be presented for payment at Regent's offices in Tulsa, Oklahoma. Any directive to honor the letter by paying out money thereunder – or, conversely (as happened here), any decision not to honor presentment on the letter of credit and not to pay the money – was made, and could only have been made, in Tulsa, Oklahoma. And under New York's Uniform Commercial Code, unless a letter of credit contains a provision to the contrary (which this one does not), the liability of an issuer under a letter of credit for any act or omission thereunder is governed "by the law of the jurisdiction in which the [issuer] is located." N.Y- U.C.C. §5-116(b). And the issuer's "location" is fixed as "the address indicated in the person's undertaking." *Id.* The law in Oklahoma is exactly the same. OK U.C.C. §12A-5-116(b). The address indicated in the letter of credit is 7136 South Yale Avenue, Tulsa, Oklahoma.

---

[1] Hudson Insurance Company is part of the Hudson Insurance Group, a huge corporation that, per its web page, has offices in many locations throughout the United States and Canada. See, https://www.hudsoninsgroup.com/about-us

Literally the only thing that Regent did that touched New York was mail a copy of the letter of credit to Banning's designated beneficiary in New York after it had been agreed upon between Regent and Banning and executed by Regent. That single mailing of an already-completed and executed letter of credit does not constitute "transacting business" in New York. Moreover, mailing the letter of credit to Hudson was not the last act necessary to make the letter of credit binding and enforceable, because the letter of credit was not a contract between Regent and Husdon; it was a contract between Regent and Banning for the benefit of Hudson. *Voest-Alpine International Corp v. Chase Manhattan Bank, N.A.*, 707 F. 2d 680, 682 (2d Cir. 1983).

In short, Plaintiff can point to not a single reason why this court should conclude that it can exercise jurisdiction over Regent Bank in connection with the issuance and subsequent dishonor of this particular Oklahoma letter of credit. That being so, the defendant's motion to dismiss for want of personal jurisdiction is GRANTED. The court need not consider any of the other issues raised by the parties in their briefs in order to dispose of the motion.[2]

## CONCLUSION

Regent Bank's motion to dismiss the complaint for want of personal jurisdiction is GRANTED. Dismissal is without prejudice to Plaintiff's ability to bring suit in a court where Regent Bank is amenable to jurisdiction – which is presumably located in Oklahoma.

This constitutes the decision and order of the court. It is a written decision.

---

[2] This include plaintiff's discussion of "interest analysis," which is irrelevant where, as here, New York lacks personal jurisdiction over Regent Bank under its long arm statute. However, as the above recital of facts makes clear, New York has literally no interest in whether an insurance company that is incorporated elsewhere but happens to have its principal place of business in New York City can bring suit here to collect on a letter of credit that was issued by an Oklahoma issuer; is governed by Oklahoma law; and can only be presented for payment in Oklahoma. Hudson, an insurance giant, is quite capable of hiring an attorney in Tulsa to protect its interests. Similarly, it is not necessary to explore defendant's lengthy discussion of the difference between various types of letters of credit. Under the facts pleaded, there is no jurisdiction, general or specific, over Regent in New York -- period.

The Clerk of Court is directed to remove the motion at Docket #12 from the court's list of open motions, and to close this case.

Dated: October 21, 2025

U.S.D.J.

BY ECF TO ALL COUNSEL